UNITED STATES of America, Appellee,

v.

**Frederick ROLAND, Defendant-Appellant.**

**No. 1508, Docket 84–1050.**

United States Court of Appeals, Second Circuit.

Argued July 18, 1984.

Decided Nov. 20, 1984.

Herald Price Fahringer, New York City (Diarmuid White, Legal Asst., Lipsitz, Green, Fahringer, Roll, Schuller & James, New York City, on the brief), for defendant-appellant.

John F. Kaley, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Benito Romano, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before NEWMAN and PRATT, Circuit Judges, and KELLEHER,* District Judge.

JON O. NEWMAN, Circuit Judge:

Frederick Roland appeals from a judgment of the District Court for the Southern District of New York (Abraham D. Sofaer, *Judge*) convicting him, after a jury trial, of 21 counts of paying unlawful gratuities to an agent of the Immigration and Naturali-

zation Service, in violation of 18 U.S.C. § 201(f) (1982). The indictment also contained counts charging bribery, in violation of 18 U.S.C. § 201(b) (1982); the jury was unable to agree on verdicts on the bribery counts. The appeal primarily concerns the trial court's supplemental instruction on the jury's consideration of lesser included offenses. For reasons that follow, we affirm.

Since the sufficiency of the evidence is not challenged on appeal, the facts may be summarily stated. The evidence overwhelmingly established that Roland, an attorney at the time of the offenses, eagerly participated in a scheme to pay money to I.N.S. agents who were cooperating with the Government. Over the course of 10 months, Roland paid approximately $43,000 to the agents to obtain alien registration documents for his clients. Though obviously sensitive to the risk of apprehension ("none of us is wired right?") and expressing concern about "[t]hat Abscam case," Roland was tape-recorded on 65 occasions discussing and making his illegal payments and eagerly planning for more of them. Not surprisingly, the jury rejected his preposterous defense that the payments were part of what he thought was a lawful fee-sharing arrangement. Among the numerous items of evidence refuting this claim was an episode at which Roland showed the agents a newspaper article concerning a lawyer who was paying bribes to I.N.S. agents and arranging fictitious marriages in order to secure "green cards" for his clients; as Roland told the agents whom he was paying, "It's exactly what we're doing." He also told the agents to deny receiving any payments from him if anyone ever asked any questions.

## I.

The lesser included offense issue arises in the aftermath of this Court's decision in *United States v. Tsanas*, 572 F.2d 340 (2d Cir.), *cert. denied*, 435 U.S. 995, 98 S.Ct.

---

* The Honorable Robert J. Kelleher of the United States District Court for the Central District of California, sitting by designation.

1647, 56 L.Ed.2d 84 (1978). In *Tsanas*, Judge Friendly considered the two alternative ways of instructing a jury concerning its consideration of a lesser included offense. Under both approaches the jury is given the traditional instruction that they should consider first the greater offense and that a verdict of guilty precludes their consideration of the lesser included offense. *See Fuller v. United States*, 407 F.2d 1199, 1227 (D.C.Cir.1968) (in banc), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). The divergence arises when the instructions inform the jurors how they should proceed in the event that they reach a point in their deliberations where they have not unanimously voted to return a verdit of guilty on the greater offense. Under the first approach, the jurors are told to proceed to consideration of the lesser included offense only if they have unanimously voted to return a verdict of not guilty on the greater offense. Under the second approach, the jurors are also told to proceed to consider the lesser included offense if they are unable to agree on a verdict concerning the greater offense. As Judge Friendly pointed out, both the "acquittal first" and the "hung jury" approaches offer advantages and disadvantages to both the prosecution and the defense. *United States v. Tsanas, supra*, 572 F.2d at 345–46. In light of the array of considerations, the conclusion reached in *Tsanas* was that the trial judge could follow either approach if the defendant expressed no preference, but that the form of instruction preferred by the defendant should be given if he "seasonably" elects. *Id.* at 346; *see also Catches v. United States*, 582 F.2d 453, 459 (8th Cir.1978).

■ In Roland's case, for each payment to an I.N.S. agent, the indictment charged in separate counts both a bribery offense under section 201(b) and an unlawful gratuity offense under section 201(f). Though the issue concerning the jury charge therefore does not arise under the lesser includ-

ed offense provision of Rule 31(c) of the Federal Rules of Criminal Procedure, as it did in *Tsanas*, we see no reason to distinguish *Tsanas* on that ground. The defendant's choice concerning the jury's consideration of a lesser included offense should not depend upon whether that offense is available for consideration because of Rule 31(c) or because it has been set out in a separate count in the indictment.[1] In either event, however, the less serious offense may be treated as a lesser *included* offense only if both criteria set forth in *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), are met: On the facts of the case the lesser offense must be included within the greater and must not be completely encompassed by the greater, that is, there must be a disputed issue of fact concerning an element required for conviction of the greater offense but not required for conviction of the lesser offense. *Id.* at 350, 85 S.Ct. at 1009; *United States v. Tsanas, supra*, 572 F.2d at 343. It is not entirely clear that the gratuity offense, which requires proof that payment was made "for or because of any official act," is lesser included within the bribery offense, which requires proof that the payment was made "to influence any official act." However, as in *Tsanas*, 572 F.2d at 343–44, the Government has made no objection to treating the gratuity offense as lesser included within the bribery offense, and we therefore proceed to the merits of Roland's claim that he was entitled to have the jury instructed to consider the gratuity offense only if it first reached a verdict of not guilty on the bribery offense.

The claim arises under the following circumstances. Prior to the jury charge, Roland made no request for an instruction concerning the conditions under which the jury should proceed to consider the gratuity offense. In the initial charge, Judge Sofaer instructed the jury that, if it found the defendant guilty of bribery with re-

---

**1.** "There is no doubt as to the prosecutor's power to obtain an indictment which contains a separate count for each lesser-included offense." 8A *Moore's Federal Practice* ¶ 31.03[3][c] at 31–24 (1984).

spect to any alleged payment, it should proceed no further with respect to such payment. He then added, "If you find, however, that the government has not sustained its burden of proof on a given bribery count, ... you must then consider whether the defendant violated the unlawful gratuity provision of the statute." This language did not in terms tell the jury to proceed to the gratuity count only if it had first unanimously agreed to return a not guilty verdict on the bribery count, but it was surely closer to the "acquittal first" approach than to the "hung jury" approach. Since the defendant had not requested either approach, we cannot be certain that the trial judge was consciously endeavoring to select between the approaches. In any event, as frequently happens, the jury specifically focused on the point that had previously been left obscure. After four days of deliberation the jury sent a note asking, "Do we consider unlawful gratuity charges *only* if we reach a not guilty verdict on bribery or do we consider unlawful gratuity if we cannot reach an unanimous verdict on a bribery count?" (Emphasis in original).

Judge Sofaer advised counsel that he proposed to tell the jury that it should consider the gratuity charge if it either finds the defendant not guilty of bribery or is unable to agree on a verdict as to bribery. At that point, defense counsel for the first time requested that the jury be told to consider the gratuity offense only if it reached a not guilty verdict on the bribery offense. Significantly, counsel made no claim that Judge Sofaer's proposed response would alter any guidance concerning the proper approach to the lesser included offense that had previously been given in the initial instructions. It appears that counsel for both sides and the District Judge were focusing on the *Tsanas* issue for the first time. Judge Sofaer rejected defense counsel's request and instructed the jury to consider the gratuity charges if it acquitted or was in disagreement on the bribery charges.

Since *Tsanas* clearly states that neither instruction is "wrong as a matter of law," 572 F.2d at 346, the issue becomes whether Roland's request for the "acquittal first" approach was timely. We hold that it was not. The advantages and disadvantages that both approaches offer to both sides were discussed in *Tsanas* from the perspective of litigants who would be assessing, before jury deliberations begin, the various risks of how jurors might react during those deliberations. Once the deliberations have begun, the passage of time affords some basis for estimating the likelihood of a jury deadlock. In this case the jury had reported on the second day of deliberations that it was "in disagreement." If a defendant could make his *Tsanas* election during deliberations, he would secure the benefits of both approaches. If some of the jurors thought the initial instruction permitted them to consider the lesser charge in the event of disagreement on the greater, the defendant is spared the risk that they might agree to a guilty verdict on the greater just to avoid a mistrial. *See United States v. Tsanas, supra*, 572 F.2d at 346. If they are later told that they may consider the lesser charge only if they acquit on the greater, the defendant secures an increased chance of avoiding any conviction. *Id.* That is why *Tsanas* affords the defendant a choice only if he expresses his preference "seasonably." Though Roland's counsel may have believed that the initial instructions would confine the jurors to the "acquittal first" approach, it is obvious from their question that at least some of the jurors were uncertain which approach they were to follow.

▇▇▇ The District Judge's rejection of counsel's requested supplemental instruction was not error in the absence of either a timely request before deliberations for an explicit "acquittal first" instruction or the inclusion in the initial charge of language that unmistakably confined the jury to the "acquittal first" approach. In the circumstances of this case, Roland's request, first

made on the fourth day of the deliberations and after some disagreement among the jurors was reported, was untimely.

## II.

 Roland's remaining claims are less substantial. In the fashion of recent appeals from convictions for crimes that agents afforded opportunities to commit, Roland urges us to declare the agents' conduct to be a denial of due process, having failed to secure from the jury an acquittal on the ground of entrapment. The facts of this case do not even approach what may be those "extreme cases ... where the government conduct was so outrageous as to violate due process." *United States v. Williams*, 705 F.2d 603, 619 (2d Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983). The evidence of inducement was minimal, doubtfully enough even to create a jury issue as to the entrapment defense. Unable to point to any conduct by the agents that unfairly pressured him into criminal conduct, Roland contends that due process was denied because the agents did not arrest him after the first illegal payment, but instead continued the investigation for several months during which he eagerly accepted the opportunity to make repeated payments. If anything is outrageous, it is not the agents' conduct but the appellant's argument. Having sought to persuade the jury that the prosecution had failed to prove his predisposition beyond a reasonable doubt, Roland is hardly in a position to complain that the agents took the time to assemble the quantity of evidence that proved his guilt. Prompt and unhesitating agreement to a corrupt proposal is one of the bases for proving predisposition, *United States v. Williams, supra,* 705 F.2d at 619; *United States v. Viviano,* 437 F.2d 295, 299 (2d Cir.), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1659, 29 L.Ed.2d 149 (1971), and the Government is entitled to show by a pattern of episodes that there was not only predisposition but determination to commit the charged offenses.

Appellant next contends that the District Judge erred in ruling at the conclusion of the prosecution's case that there was insufficient evidence of entrapment to create an issue for the jury. Judge Sofaer concluded that, even if there was some evidence of inducement, the uncontradicted evidence of predisposition at that point in the trial was such that no rational jury could find entrapment. *See United States v. Mayo,* 705 F.2d 62, 68 (2d Cir.1983); *United States v. Licursi,* 525 F.2d 1164, 1169 (2d Cir.1975). That ruling, Roland contends, "forced" him to testify in his own defense and supply the evidence that ultimately persuaded Judge Sofaer to permit the jury to consider the entrapment defense. We agree with the Government's suggestion that this mid-trial ruling is not reviewable.

 It is a familiar rule that "[o]nce a defendant offers evidence after the denial of a motion for acquittal at the close of the Government's case in chief, ... the defendant waives any claim as to the sufficiency of the Government's case considered alone." *United States v. Pui Kan Lam,* 483 F.2d 1202, 1208 n. 7 (2d Cir.1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974); *see United States v. Maniego,* 710 F.2d 24, 28 (2d Cir.1983); *United States v. Keuylian,* 602 F.2d 1033, 1040–41 (2d Cir.1979). The situation here is not identical to denial of a motion for acquittal, but the argument for declining review is perhaps stronger. A defendant is entitled to present a motion for acquittal at the end of the prosecution's case, Fed.R. Crim.P.29(a), and the trial ends at that point if the motion is successful. If the motion is denied and a defense case is presented, review of the mid-trial ruling is unavailable even though a defendant is thereby denied an opportunity to show that the trial judge erred in not granting the motion, a ruling that would have prevented the ensuing conviction. By contrast, Roland had no right to secure from the trial judge a mid-trial ruling on whether the entrapment evidence at that point in the trial sufficed to create a jury issue, and this ruling, even if favorable to Roland,

would not have ended the trial. The judge was not asked to determine in advance the admissibility of a discrete item of evidence that would be offered if the defendant elected to testify, *see United States v. Washington*, 746 F.2d 104 (2d Cir.1984) (prior conviction to be offered to impeach credibility), a practice soon to receive authoritative consideration, *see Luce v. United States*, —— U.S. ——, 104 S.Ct. 1677, 80 L.Ed.2d 152 (1984) (granting writ of certiorari in *United States v. Luce*, 713 F.2d 1236 (6th Cir.1983)). Instead Judge Sofaer was asked to assess whether the evidence adduced in direct and cross-examination on the Government's case sufficed to establish a jury issue concerning a defense. Though Roland understandably wanted the ruling at that point in order to weigh the benefits and risks of testifying, he was not entitled to a ruling then and is not entitled now to have the ruling reviewed. If presenting a defense case waives review of the mid-trial sufficiency of the prosecution's case, such conduct should also preclude review of the mid-trial sufficiency of a defense. This is especially so as to entrapment since, once inducement has been shown, predisposition is something the prosecution must establish beyond a reasonable doubt, just like the elements of the offense. *See United States v. Williams, supra*, 705 F.2d at 613.

 Roland next levels two insubstantial attacks upon the entrapment instructions. First, he contends that it was error to permit the jury to infer predisposition from his series of illegal payments, some of which occurred several months after the initial payment. Subsequent conduct, including criminal conduct, has frequently been. held admissible to prove predisposition, *United States v. Silvestri*, 719 F.2d 577, 583 (2d Cir.1983); *United States v. Williams, supra*, 705 F.2d at 614–16. Second, appellant challenges a supplemental instruction given in response to the jury's request to clarify the law of entrapment. Judge Sofaer reread standard language concerning the elements of entrapment and then made clear that inducement does not establish entrapment and that pre-

disposition may be shown in a variety of ways. It was not error to add these correct statements of the law, nor to deny defense counsel's request to instruct the jury as to examples of conduct that would contradict predisposition.

 Finally, Roland challenges the sentence of two years' imprisonment and fines totalling $40,000. He contends that the sentence was impermissibly based on the District Judge's views that Roland was guilty of bribery, despite the jury's inability to reach a verdict on the bribery counts, and that Roland's trial testimony had been false. Though a sentencing judge is entitled to rely on his assessment of a defendant's truthfulness, *United States v. Grayson*, 438 U.S. 41, 50–52, 98 S.Ct. 2610, 2615–2616, 57 L.Ed.2d 582 (1978), and may consider even evidence of crimes of which a defendant is acquitted, *see United States v. Sweig*, 454 F.2d 181, 184 (2d Cir.1972), in this case Judge Sofaer made it clear that, although he believed that bribery and perjury had been committed, he was not permitting these views to influence his sentencing decision. *See United States v. Herndon*, 525 F.2d 208, 209–10 (2d Cir. 1975).

The judgment of the District Court is affirmed. The mandate shall issue forthwith.