**UNITED STATES of America, Appellee,**

v.

**Demetrious PAPADAKIS, Defendant-Appellant.**

**No. 30, Docket 86–1190.**

United States Court of Appeals, Second Circuit.

Argued Aug. 25, 1986.

Decided Sept. 29, 1986.

As Amended Oct. 9, 1986.

See also 613 F.Supp. 109.

**619**

OPINION

FEINBERG, Chief Judge:

Demetrious Papadakis appeals from a judgment of the United States District Court for the Southern District of New York, Edward Weinfeld, J., convicting appellant of one count of criminal contempt, in violation of 18 U.S.C. § 401, and sentencing him to five years in prison. Papadakis had refused to testify before a grand jury, despite a grant of use and derivative use immunity pursuant to 18 U.S.C. §§ 6002 and 6003. In this appeal, Papadakis argues that his conviction was the product of prosecutorial vindictiveness, violated his Fifth Amendment privilege against self-incrimination and subjected him to double jeopardy. He also claims that his sentence is disproportionate to the crime committed and was based on improper considerations.

For the reasons given below, we affirm the judgment of the district court.

I.

This appeal arises out of the government's continuing efforts to prosecute the individuals responsible for the theft from the Sentry Armored Courier Corporation in the Bronx in December 1982 of approximately $11 million and to recover some $10 million of that sum that is still missing. We are told that this was the largest cash theft in this country's history. To date, six defendants have been tried and convicted for crimes growing out of this theft.

Demetrious Papadakis was indicted for the Sentry theft in April 1983, along with Christos Potamitis, Eddie Argitakos, Steve Argitakos and Nicholas Gregory, and was charged with multiple counts, including bank larceny and conspiracy. Following a jury trial before Judge Weinfeld, Potamitis and Eddie Argitakos were convicted of bank larceny, interstate transportation of stolen property, conspiracy and other offenses, and Steve Argitakos was convicted of being an accessory after the fact. Papadakis was acquitted. Gregory was a fugi-

Jonathan Boxer, Westbury, N.Y. (Burns, Berger & Boxer, Morris Gindi, of counsel), for defendant-appellant.

Robert Garcia, New York City, Asst. U.S. Atty. S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Bruce A. Green, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, Chief Judge, CARDAMONE, Circuit Judge, and KELLEHER,* District Judge.

* Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

tive at the time and did not stand trial. This court affirmed the convictions in *United States v. Potamitis*, 739 F.2d 784 (2d Cir.), cert. denied, 469 U.S. 918, 934, 105 S.Ct. 297, 332, 83 L.Ed.2d 232, 269 (1984).

Gregory was arrested in September 1984.[1] Shortly thereafter, Papadakis was issued a subpoena commanding him to testify before the grand jury in the Southern District of New York that was conducting a continuing investigation of the Sentry theft. Before the subpoena was served, the government obtained an order authorizing it to grant Papadakis use and derivative use immunity pursuant to 18 U.S.C. §§ 6002 and 6003. That order provided that Papadakis's testimony before the grand jury could not be used against him in any criminal case, unless he committed perjury, gave a false statement or otherwise failed to comply with the order.

Following several adjournments, a new subpoena was issued in December 1984. Papadakis appeared before the grand jury the next day and was granted use and derivative use immunity after he invoked his Fifth Amendment privilege against self-incrimination in response to questions concerning the Sentry theft. He then unsuccessfully sought to quash the subpoena. When Papadakis reappeared before the grand jury, he again refused to answer any questions concerning the Sentry theft. Judge Whitman Knapp of the Southern District then held Papadakis in civil contempt and ordered him incarcerated. The civil contempt order was affirmed by this court in *In re Papadakis*, 755 F.2d 913 (2d Cir.1985). Papadakis remained incarcerated on that charge until June 18, 1985.

Papadakis was indicted for criminal contempt on June 19, 1985. He did not surrender, but remained a fugitive until his arrest in Atlantic City six months later, with $10,000 in cash and casino chips in his pocket. Papadakis was convicted of one count of criminal contempt following a one-day trial

on stipulated facts before Judge Weinfeld in March 1986. This appeal followed.

## II.

We first consider Papadakis's argument that the government's decision to subpoena him was the product of prosecutorial vindictiveness. Papadakis contends that he was subpoenaed not in order to aid in the grand jury's continuing investigation of the Sentry theft, but rather to make trouble for him because of his acquittal at the first Sentry trial. Papadakis presented a general claim of grand jury abuse on his appeal from the order of civil contempt. See *In re Papadakis*, 755 F.2d 913 (2d Cir.1985). That panel's determination, that the government had "compelling and legitimate reasons for seeking Papadakis's grand jury testimony," is the law of the case, and the general claim of grand jury abuse may not be reargued in this appeal. See *Zdanok v. Glidden Co., Durkee Famous Foods Division*, 327 F.2d 944, 952–53 (2d Cir.), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

Appellant's principal argument on this appeal is that he should have been permitted to invoke his Fifth Amendment privilege to remain silent because he reasonably perceived that, regardless of the content of his testimony, he would be indicted despite the grant of immunity. Papadakis claims that during the various Sentry proceedings, the government had elicited conflicting statements from two defendants, Eddie Argitakos and Howard Marshall, and that depending on the content of his testimony before the grand jury, it would use one of those statements to prosecute him for perjury. Papadakis views certain statements in the district court by the Assistant United States Attorney, refusing to foreclose the possibility that Papadakis might be indicted in the future even after the grant of immunity, as proof that his apprehensions about testifying were reasonable. Papadakis contends that the subpoena was a trap that

---

1. Along with another defendant, Gregory was convicted after a trial before Judge Weinfeld, and this court affirmed the convictions. See *United States v. Gregory*, 779 F.2d 40 (2d Cir. 1985).

rendered the grant of immunity inadequate to protect his constitutional privilege against self-incrimination, thereby reviving his Fifth Amendment right to remain silent.

█ This claim was also apparently raised in Papadakis's appeal from the civil contempt order, although the claim was not as fully fleshed out at the time of that appeal because the testimony in the Gregory trial had not yet been obtained. However, assuming that this difference justifies our considering the claim on the merits, we reject appellant's contention that the threat of an indictment for perjury justified his refusal to testify before the grand jury. Had Papadakis testified truthfully, his testimony would not have been incriminating with respect to the crime of perjury. In the absence of a threat of self-incrimination, appellant did not have a constitutional right to remain silent based solely on the possibility of being wrongfully indicted. Appellant's protection against this abuse lies not with the Fifth Amendment, but in the proper working of the judicial system—first, that the grand jury will not indict, and second, that a court will not convict him for perjury on the basis of truthful testimony. Moreover, to the extent that appellant is also claiming that the truthful testimony might later be used to indict him for crimes other than perjury, the grant of use and derivative use immunity is "coextensive" with the scope of his privilege under the Fifth Amendment, *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972), and sufficient to protect him against such improper use of his testimony. Appellant's reliance on *In re Corrugated Container Anti-Trust Litigation*, 620 F.2d 1086 (5th Cir. 1980), cert. denied sub nom. *Adams Extract Co. v. Franey*, 449 U.S. 1102, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981), is misplaced. In that case, the court found that the individuals subpoenaed "had not been—in fact, could not have been—granted immunity." Id. at 1093.

Had Papadakis testified untruthfully, his testimony, although incriminating, would not have been obtained in violation of his constitutional rights. The Fifth Amendment does not shield witnesses from the adverse consequences flowing from their untruthful statements:

> The immunity granted by the Constitution does not confer upon the witness the right to perjure himself or to withhold testimony. The very purpose of the granting of immunity is to reach the truth, and when the testimony is incriminatory, it cannot be used against him. If the witness thwarts the inquiry by evasion or falsehood ... such conduct is not entitled to immunity (footnote omitted).

*United States v. Tramunti*, 500 F.2d 1334, 1343–44 (2d Cir.), cert. denied, 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974). Thus, Papadakis was properly subpoenaed to testify, and contrary to his contention, he was not caught in a trap that implicated his Fifth Amendment rights. If he had testified truthfully under the grant of immunity, he would not have incriminated himself, and if he had perjured himself, he would not have been entitled to protection under the Fifth Amendment. Accordingly, Papadakis's claim under the Fifth Amendment must fail.

█ Appellant also claims that the prosecution for criminal contempt was tantamount to a second prosecution for the charges on which he had already been acquitted, and was therefore barred by the double jeopardy clause. We need not reach this claim because appellant has waived it by raising it for the first time on this appeal. See *United States v. Perez*, 565 F.2d 1227, 1232 (2d Cir.1977). Appellant mistakenly relies on the Advisory Committee Notes to Rule 12(b) of the Federal Rules of Criminal Procedure in contending that he was not required to raise this claim in the district court. Those Notes, even if controlling, suggest only that a claim of double jeopardy does not have to be asserted as a pre-trial motion. They do not suggest that such a motion need not be presented to the trial court at all.

### III.

In addition to challenging his conviction, Papadakis also claims that his sentence should be reduced. Congress did not specify a range of penalties in the criminal contempt statute, but provided that the punishment for criminal contempt shall be within the court's discretion. 18 U.S.C. § 401. This court has recently indicated that in imposing a sentence for criminal contempt, it is proper for the sentencing judge to consider, among other things, the sentence provided for the most analogous crime. See *United States v. Gracia*, 755 F.2d 984, 990 (2d Cir.1985). In this case, Judge Weinfeld imposed a five-year sentence after determining that five years was the maximum allowable for the similar offense of obstruction of justice. On this record, a five-year sentence is not excessive.

Papadakis's arguments that the sentence should be reduced do not merit extended discussion. First, Papadakis contends that his refusal to testify did not result in the "actual" obstruction of justice because the primary objective of the grand jury proceedings, obtaining indictments, had already been accomplished by the time he was called upon to testify. This argument mischaracterizes the scope of the grand jury proceedings. As discussed above, the government and the grand jury were continuing their investigation into the missing proceeds from the Sentry theft. They were also investigating persons who had not yet been indicted. Appellant's speculation that his testimony would not have furthered these investigations is unpersuasive.

Second, Papadakis argues that his sentence is disproportionate to the crime of criminal contempt. He claims that his failure to testify was not as serious as the refusal by the "terrorists" in *United States v. Gracia*, 755 F.2d 984 (2d Cir. 1985). In *Garcia*, this court reduced one defendant's sentence for criminal contempt for refusing to testify before a grand jury from nine years to four years. In so doing, this court noted that nine years exceeded

the maximum sentence that the defendant could have received had he been convicted for perjury, and that the sentences for criminal contempt given to his co-defendants were only one-half and one-twenty-seventh as long. 755 F.2d at 990. Reliance on *Gracia* is misplaced. The sentence Papadakis actually received does not exceed the maximum sentence that he could have received if he were convicted of obstructing justice. Obviously, the second *Gracia* factor—disproportionality of sentence as compared to what others received—is not implicated here.

Finally, Papadakis claims that Judge Weinfeld based his sentence on improper considerations because he relied on evidence submitted at the first Sentry trial, in which Papadakis was acquitted, in determining that Papadakis knew the location of the proceeds from the Sentry theft. Papadakis bases this claim on the following statement made by the judge at the sentencing hearing:

> On the totality of the record of both Sentry trials, this Court has not the slightest doubt, as the Government charges, that Papadakis was an active participant in the staged hold-up and received in excess of two million dollars.

When viewed in its proper context, this statement by the judge does not support appellant's claim. Review of the entire transcript of the sentencing hearing reveals that Judge Weinfeld recognized that Papadakis was entitled "to the benefit of the acquittal on the first trial." It is also clear that Judge Weinfeld's statement concerning Papadakis's involvement in the Sentry theft was based on Eddie Argitakos's testimony at the trial of Gregory over which Judge Weinfeld also presided, and not on evidence from the first Sentry trial. We therefore need not consider appellant's argument that evidence from the trial in which Papadakis was acquitted could not properly have been considered in sentencing him for criminal contempt. In addition, it should be noted that this argument ignores our decisions in *United States v. Roland*, 748 F.2d 1321, 1327 (2d Cir.1984)

and *United States v. Sweig,* 454 F.2d 181, 184 (2d Cir.1972).

The judgment of the district court is affirmed.[2]

---

**2.** Appellant has also moved for bail pending appeal. That motion is denied.