**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sharon ROSE, Defendant-Appellant.**

No. 86–3044.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 30, 1986 *.

Decided Dec. 19, 1986.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 3(f).

Jeff Kent, Asst. U.S. Atty., Office of the U.S. Atty., Eugene, Or., for plaintiff-appellee.

Shaun S. McCrea, McCrea, P.C., Eugene, Or., for defendant-appellant.

Before MERRILL, GOODWIN and FLETCHER, Circuit Judges.

PER CURIAM.

Appellant Rose was called as a witness for the prosecution in a criminal trial in the district court for the District of Oregon. On the date scheduled for trial, appellant notified the court that she would invoke her Fifth Amendment privilege against compelled self-incrimination. In an *in camera* proceeding, the trial court upheld her claim of privilege and granted the prosecution a one-day continuance to seek an immunity order.

The trial began the next day. Because the government had not yet received written authorization to grant immunity, the prosecution, on instructions from the bench, refrained from mentioning any of appellant's expected testimony in its opening statement. Defense counsel, however, included appellant's expected exculpatory testimony in her opening statement.

■ In due course, the court entered an order of immunity for appellant. Pursuant to federal law, the immunity granted was use immunity. Under the Oregon constitution, the state must grant transactional immunity to overcome the Oregon privilege against self-incrimination. *See State v. Soriano*, 298 Or. 392, 693 P.2d 26 (1984). Appellant continued her refusal to testify after repeated warnings by the court.

Ultimately, appellant was summarily held guilty of both civil and criminal contempt and sentenced to six months' imprisonment with credit for time already served. This appeal followed.

■ The federal grant of use immunity is sufficient to overcome the Fifth Amendment privilege against self-incrimination. *See Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972). The fact that Oregon sees fit to provide broader immunity is irrelevant where the question arises in federal court in response to a federal charge. *See In re Bianchi*, 542 F.2d 98, 101 (1st Cir.1976). As Chief Justice Marshall long ago pointed out, "[i]t is of the very essence of supremacy, to remove all obstacles to [the federal government's] action within its own sphere, and so to modify every power vested in subordinate governments, as to exempt its own operations from their own influence." *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 427, 4 L.Ed. 579 (1819). More recently, the Supreme Court rejected the idea that more lenient state laws should govern in federal prosecutions because "any such rule ... is flatly inconsistent with the Supremacy Clause of the Constitution, Art. VI, cl. 2." *United States v. Antelope*, 430 U.S. 641, 650 n. 13, 97 S.Ct. 1395, 1400 n.

13, 51 L.Ed.2d 701 (1977).[1] Thus, although the Supremacy Clause permits the federal government to extend immunity against state prosecutions, "[s]tates, of course, do not have a corresponding power to impose their immunity grants upon the Federal Government." *United States v. McDaniel,* 449 F.2d 832, 839 n. 3 (8th Cir.1971); *see United States v. Interborough Delicatessen Dealers Ass'n,* 235 F.Supp. 230, 231 (S.D.N.Y.1964).

■ District courts have the power to punish disobedience to court orders by civil contempt, *see* 28 U.S.C. § 1826, and criminal contempt, *see* 18 U.S.C. §§ 401, 402; Fed.R.Crim.P. 42. Civil contempt is designed to induce compliance with a court order; punishment therefor is conditioned upon the contemnor's continuing noncompliance and is limited to imprisonment until the contemnor complies with the order or until the trial ends. *See United States v. Powers,* 629 F.2d 619, 627 (9th Cir.1980). Criminal contempt requires willful disobedience of a clear and definite court order. *See id.* Punishment for criminal contempt "serves to vindicate the authority of the court and does not terminate upon compliance with the court's order." *Id.* A judge may summarily punish a criminal contempt committed in his presence under Fed.R. Crim.P. 42 (a). The same conduct may result in both civil and criminal contempt charges. *See Powers,* 629 F.2d at 627. Given an imminent mistrial, Judge Burns did not err in summarily finding Rose in both civil and criminal contempt.

■ Appellant also challenges the severity of her sentence. In view of the willfulness of her conduct, the seriousness of its effects, and the frivolousness of her legal arguments, Judge Burns stayed within his discretion in sentencing Rose to six months in jail.

Finally, Rose's hypertechnical complaints about the contempt certificate lack merit.

She asserts that it fails to meet the requirements of Fed.R.Crim.P. 42(a) in that the judge does not therein certify "that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court."

■ The certificate does, however, satisfy the requirements of Rule 42(a). It sets out the facts constituting the contemptuous conduct: that she was repeatedly warned by the judge that should she continue to claim the privilege she would subject herself to civil and criminal contempt, and that, nevertheless, she persisted in her refusal to testify. It is obvious from this recital that all of the relevant events occurred in an *in camera* proceeding with the judge, appellant, and her counsel in attendance. Where it is clear from the factual recitals of the certificate that the contemptuous conduct occurred in the presence of the judge, Rule 42(a) does not require that the certificate include a ritual incantation that the contempt "was committed in the actual presence of the court."

AFFIRMED.

1. *Cf. Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 395, 91 S.Ct. 1999, 2004, 29 L.Ed.2d 619 (1971) ("[S]tate law [may not] undertake to limit the extent to which federal authority can be exercised."); *Spain v. Mounta-*

*nos,* 690 F.2d 742, 746 (9th Cir.1982) ("Under the Supremacy Clause ..., a court, in enforcing federal law, may order state officials to take actions despite contravening state laws.").