899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter George STRICKLAND, Jr., Defendant-Appellant.
 No. 89-3815.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Walter George Strickland, Jr. appeals his criminal contempt conviction for failing to give testimony before a grand jury. We affirm.
 
 
 2
 On July 18, 1989, Strickland appeared as a witness before a federal grand jury in Toledo, Ohio. He was questioned about his knowledge of drug trafficking activities in the Toledo area. When he was asked to provide the names of persons who sold him drugs in Toledo, he refused to answer these questions. He was directed by the foreman of the grand jury to answer the questions and he again refused. His refusals were not accompanied by any assertion of privilege.
 
 
 3
 The grand jury session was temporarily recessed while the Assistant United States Attorney and the grand jury foreman informed U.S. District Judge John W. Potter that Strickland had refused to testify. Judge Potter convened the court and ordered Strickland to answer the questions. Strickland told Judge Potter that he would not answer the questions and stated that he understood that his refusal would subject him to a fine or imprisonment.
 
 
 4
 The grand jury was reconvened and Strickland again refused to answer the questions. The United States excused him as a witness and then filed a motion under Rule 42(b), Fed.R.Crim.P., requesting that Strickland be held in criminal contempt for refusing to answer the questions after he was ordered to testify by the court.
 
 
 5
 Strickland waived a jury trial and on August 24, 1989 was tried and found guilty of criminal contempt by the district court. He was sentenced to 18 months in prison.
 
 
 6
 Strickland asserts that the district court erred in finding him guilty of criminal contempt rather than civil contempt. We review the decision to impose criminal contempt sanctions under the standard of abuse of discretion. United States v. Wilson, 421 U.S. 309, 319 (1975). We find no abuse of that discretion here. The government's initiation of criminal contempt proceedings under Fed.R.Crim.P. 42(b) and Strickland's failure to object or to seek civil contempt charges limited the proof and proceedings to the allegation of criminal contempt. For the district court to switch from criminal proceedings to civil proceedings over an objection from the government would have been an abuse of discretion.
 
 
 7
 Civil contempt sanctions are coercive in nature and designed to compel obedience to court orders and compensate for injuries caused by noncompliance. See TWM Mfg. Co. v. Dura Corp, 722 F.2d 1261, 1273 (6th Cir.1983) (Brown, J.). Criminal contempt sanctions are designed to punish for disobedience to the orders of the court. See Vaughn v. City of Flint, 752 F.2d 1160, 1166 (6th Cir.1985). Here, the unconditional sanction given by the court was clearly designed to punish Strickland's insubordinate behavior. See United States v. Armstrong, 781 F.2d 700, 703 (9th Cir.1986) (sanction criminal when it was intended to punish a recalcitrant witness); United States v. Rose, 806 F.2d 931, 933 (9th Cir.1986) (criminal contempt sanction, unlike civil contempt sanction, does not terminate upon compliance).
 
 
 8
 18 U.S.C. Sec. 401(3) requires the existence of a clear and definite court order, that the defendant knew of the order, and that the defendant willfully disobeyed the order. "In criminal contempt, willful disobedience [of the court's order] must be proved beyond a reasonable doubt. Willfulness, for this purpose, implies a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." TWM Mfg. Co., 722 F.2d at 1272 (citations omitted). Clearly, Strickland's refusal to answer was willful and the elements of Sec. 401(3) are satisfied.
 
 
 9
 He asserts that he refused to answer the questions because he feared retaliation for informing on the drug distributors in Toledo. However, a speculative fear of danger or reprisal is not a defense to contempt. In re Grand Jury Proceedings, 797 F.2d 906, 907-908 (10th Cir.1986) (citing cases). Strickland failed to raise his fifth amendment privilege against self-incrimination, thus it was waived, and the court properly ordered him to answer the questions posed in the grand jury proceeding. See In re Possible Violations of 18 USC 371, 641, 1503, 564 F.2d 567, 568-569 (D.C.Cir.1977) (defendant held in civil contempt had failed to raise fifth amendment privilege in refusing to answer grand jury questions).
 
 
 10
 The statute and the guidelines fail to specify a particular sentence for a criminal contempt conviction. The sentence or fine imposed for a violation of Sec. 401 is in the discretion of the district court. United States v. Lach, 874 F.2d 1543, 1549 (11th Cir.1989); 18 U.S.C. Sec. 401. We find that the 18 month sentence imposed by the district court was well within the range of acceptable sentences for a violation of Sec. 401. See United States v. Papadakis, 802 F.2d 618, 622 (2d Cir.1986) (no abuse of discretion in sentencing recalcitrant witness to five-year term when five-year maximum term is allowed for analogous crime of obstruction of justice).
 
 
 11
 Consequently, we affirm Strickland's conviction and sentence.