**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco ZAMORANO–TORRES,**
**Defendant–Appellant.**

**No. 97–10510.**
**D.C. No. CR–97–00216–PGR.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 18, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM ***

Francisco Zamorano–Torres appeals the judgment of summary contempt imposed upon him during jury selection for his 8 U.S.C. § 1326 trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), defense counsel has filed a brief identifying a possible issue for review, and a motion to withdraw as counsel of record. Zamorano–Torres has filed a supplemental pro se brief.

Counsel raises as a potential issue the absence of a described warning and the district court's failure to comply with the certification requirement of Rule 42(a) of the Federal Rules of Criminal Procedure. We review the district court's summary contempt ruling for abuse of discretion, and find none. *In re Gustafson,* 650 F.2d 1017, 1022 (9th Cir.1981) (en banc).

█ The record reflects that the district court repeatedly ordered Zamorano–Tor-

res not to disrupt the proceedings. No further warning is required. *See United States v. Abascal,* 509 F.2d 752, 755 (9th Cir.1975).

█ Rule 42(a) requires only that the contemptuous behavior be seen or heard by the judge and committed in the court's actual presence. *Gustafson,* 650 F.2d at 1021. Based on the transcript, we are satisfied that Zamorano–Torres' in-court misbehavior and the district court's statements, findings, and rulings meet the requirements of Rule 42(a). *See United States v. Rose,* 806 F.2d 931, 933 (9th Cir.1986) (per curiam) (rejecting hypertechnical view of the rule where misconduct obviously took place in the judge's presence); *cf. In the Matter of Contempt of Greenberg,* 849 F.2d 1251, 1254 (9th Cir.1988) (stating that Greenberg's transcript was inadequate to allow informed appellate review in that case).

In his pro se supplemental brief, Zamorano–Torres contends that the district court lacked jurisdiction over this case. The contention is frivolous. *See* 18 U.S.C. §§ 401, 402 (empowering district court to punish contempt).[1]

█ Zamorano–Torres also contends that the district court did not give him adequate warning in his primary language. This contention is belied by the record. A translator was present during the proceedings. Moreover, the fact that part of his own outburst to the jury was in English undermines his complaint.

---

1. *See also* Pub.L. No. 104–208, 110 Stat. 3009, §§ 308(d), 324(c) (1997) (amending 8 U.S.C. § 1326 to delete element allegedly missing from underlying indictment).

---

**518**

■ Finally, he contends that a reasonable person would not have known that his conduct was contumacious. Zamorano–Torres' continued outburst regarding the court's earlier denial of his motion for new counsel not only disrupted the proceedings, but also necessitated a mistrial. The district court did not abuse its discretion by concluding that this warranted a finding of summary contempt. *Cf. Gustafson,* 650 F.2d at 1020, 1022–23 (recognizing that immediate response is needed when contemnor baselessly suggests to jury that court is biased).

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) discloses no issues for review. Counsel's motion to withdraw is GRANTED, and the district court's judgment is

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.