## CALDWELL v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 22, 1928.

No. 5471.

Weldon G. Bettens and John P. Lycette, both of Seattle, Wash., for appellant.

Thos. P. Revelle and Anthony Savage, both of Seattle, Wash., for the United States.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. This is an appeal from a judgment fining the appellant, one of defendants' attorneys, for contempt committed in the presence of the court during the trial of the case of United States v. Benjamin A. Newman et al., the appeal in which we have just decided. No. 5471, Newman et al. v. United States, 28 F.(2d) 681. In that opinion we refer to the incident upon which the judgment is based, and exhibit so much of the record as is directly pertinent. While, as there shown, we are of the view that the questions to which objections were sustained were immaterial, it does not necessarily follow that in asking them counsel acted in bad faith; the materiality of the subject-matter being debatable. The more serious phase of the question presented by this appeal is whether the lower court was justified in assuming or finding that, in asking the second question, counsel was willfully attempting to evade the first ruling.

Undoubtedly in both questions counsel was seeking the same end, but unless a ruling is amplified by an explanation of the reasons therefor attorneys, especially in the course of rapid cross-examination, often put a question in different form, as a matter of caution, and with no desire to evade the ruling of the court, or to be contumacious. If counsel here reasonably believed the subject material, it was his right, if not his duty, to disclose specifically what he expected to show, either by an offer of proof or by a question substantially in the form of that asked, at the option of the court.

Our attention is called to other parts of the cross-examination, both before and after this incident, but having no immediate relation to it, where appellant asked questions which were subject to criticism because of their assumptions or innuendoes, and to which the court sustained objections. But only in one instance, so far as we have been able to find, and that remote from the incident under consideration, did the court in ruling suggest that the second question was intended for the same purpose as the question theretofore ruled out, and then without any admonition or direction to abstain from a like practice in the future. Thus suddenly to punish for conduct of doubtful propriety only, where the intent to be insubordinate is not clear, might very well have the result of deterring an attorney of less courage and experience from doing his full duty to his client. Considering the unimportant character of the question and the circumstances under which it was asked, we are of the opinion that punishment as for contempt was unwarranted.

The judgment will therefore be reversed, with directions to dismiss the charge.