In the Matter of the CONTEMPT OF Stanley I. GREENBERG, Respondent.

UNITED STATES of America, Appellee,

v.

Richard W. MILLER, Defendant.

Appeal of Stanley I. GREENBERG.

No. 86–6117.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1987.

Decided June 24, 1988.

Abby Besser Klein, Los Angeles, Cal., for appellant.

Russell Hayman, Asst. U.S. Atty., Los Angeles, Cal., for appellee.

Before PREGERSON and NORRIS,[*] Circuit Judges, and McKIBBEN,[**] District Judge.

PREGERSON, Circuit Judge:

Stanley I. Greenberg was counsel for the defendant in a criminal trial in the district court. The district judge summarily convicted Greenberg of criminal contempt and fined him $500 pursuant to 18 U.S.C. § 401. Two issues are presented on appeal: first, whether the district judge certified that he "saw or heard" the alleged contemptuous conduct as required by Fed.R.Crim.P. 42(a); second, whether Greenberg's courtroom conduct constituted sufficient grounds for a summary criminal contempt conviction.

## I.

The district court convicted Stanley I. Greenberg of criminal contempt for his courtroom behavior in defending former FBI agent Richard W. Miller, who was convicted on charges of espionage. The verbal exchange for which the district judge held Greenberg in contempt occurred during the government's rebuttal to the defendant's closing argument. The exchange appears in the transcript of June 13, 1986 as follows:

---

[*] Judge Norris has been drawn to replace Judge Kennedy, who now serves on the Supreme Court. Judge Norris has read the briefs, reviewed the record, and listened to the tape of oral argument held on June 3, 1987.

[**] Honorable Howard D. McKibben, United States District Judge, District of Nevada, sitting by designation.

Mr. Bonner: ... And up got Mr. Greenberg and he objected, "No, we're not going into that."

Mr. Greenberg: I object to that. I didn't say that. I said that's not proper opening statement.

The Court: Sit down, Mr. Greenberg. Please, sit down. That's improper Mr. Greenberg.

Mr. Greenberg: I respectfully disagree.

The Court: You're not being respectful and you're going to be very, very much in trouble.

Mr. Greenberg: May I have a ruling on my objection? That misstated the opening statement.

The Court: You sit down Mr. Greenberg, period.

Mr. Bonner: Ladies and Gentlemen— Your honor, may I continue?

Mr. Greenberg: May we have a ruling, your honor?

The Court: I told you to sit down. I'm now going to tell you to be quiet, period.

Mr. Greenberg: I'm sitting, your honor.

The Court: Now, you proceed.

After a recess, the district judge stated the following for the record:

There was an outburst in the courtroom. And again, unfortunately one of the lawyers, Mr. Greenberg, lost his composure. The court finds that Mr. Greenberg was in contempt, after having had time to consider it through this short while.

The Court had warned Mr. Greenberg, and all the lawyers, that the court was not going to tolerate one more outburst of the temper. It was a slamming of something and Mr. Greenberg shouted out at the court in anger and it was very disruptive. And no matter whether Mr. Bonner's argument was correct or not, the court had on more than one occasion warned all lawyers, and specifically Mr. Greenberg.

The court hereby finds Mr. Greenberg for interrupting the court and disrupting the proceedings in an unethical manner, finds him in contempt and a fine of $500

is imposed at this time payable within the next 48 hours.

On July 8, 1986, the district judge filed an order of contempt memorializing the summary proceeding in which Greenberg was convicted of contempt. The order stated that on June 13, 1986, during the government's rebuttal argument before the jury, Greenberg

suddenly interrupted the proceedings by stating, at the top of his voice, an objection to something government counsel had said. The court ordered Mr. Greenberg to be seated and also stated that Mr. Greenberg was acting improperly. Mr. Greenberg then slammed his hand on the counsel table in an angry manner, demanding a ruling from the court. The court then told Mr. Greenberg that he was not being respectful and that he was going to find himself in trouble with the court. Mr. Greenberg then again asked for a ruling from the court, and the court again told Mr. Greenberg to sit down "period." When government counsel attempted to continue its argument, Mr. Greenberg again asked for a ruling, and the court told Mr. Greenberg to be quiet "period." Government counsel then resumed his argument.

## II.

■ We review summary contempt convictions for abuse of discretion. *United States v. Flynt*, 756 F.2d 1352, 1362, *modified*, 764 F.2d 675 (9th Cir.1985).

The district court convicted Greenberg in a summary contempt proceeding under Fed.R.Crim.P. 42(a). Rule 42(a) states in full:

A criminal contempt may be punished summarily if the *judge certifies that the judge saw or heard the conduct constituting the contempt* and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

(Emphasis added.)

■ Greenberg argues that the district judge erred by not certifying that the

judge "saw or heard" the conduct held to be contemptuous. The July 8 order of contempt, which constitutes the certificate required by Rule 42(a), describes Greenberg as stating an objection "at the top of his voice," slamming "his hand on the counsel table in an angry manner," twice asking for a ruling on his objection, and not sitting down until asked to do so twice. The order, however, does not certify that the district judge "saw or heard" the conduct constituting the contempt. Thus, under Rule 42(a), the order cannot serve as a basis for a summary criminal contempt conviction.

■ The government contends that if the July 8 order itself does not fulfill the certification requirement of Rule 42(a), then the trial transcript could serve as a certification of the district court's actual knowledge. The trial transcript in this case, however, does not fulfill the function of the certificate. Although the transcript casts some light on the proceedings, to be valid a summary contempt conviction under Rule 42(a) must be supported by a certificate that satisfies the requirements of the rule by clearly identifying the specific facts constituting the contempt and by stating that the judge "saw or heard" the contemptuous conduct. *United States v. Marshall*, 451 F.2d 372, 376–77 (9th Cir.1971). The transcript fails to meet these requirements.

■ Additionally, the government urges in its brief that even without the explicit certification of first hand knowledge required in Rule 42(a), this court may affirm the conviction because "there can be [no] serious question that the district court *saw* appellant's behavior. The outburst occurred in a courtroom in which the district court was then present and presiding over

an ongoing jury trial." Appellee's brief at 24 (emphasis in original).

This argument is unpersuasive for two reasons. First, it appears that the district court judge did not see or hear at least part of the behavior giving rise to the summary contempt conviction. The judge's recounting of the incident immediately following the recess was that "[i]t was a slamming of something and Mr. Greenberg shouted out at the court in anger and it was very disruptive." Arguably from that statement it does not appear that the court knew precisely what was slammed or who slammed it.

More importantly, the government's contention ignores the importance of procedural safeguards mandated in summary criminal contempt proceedings. The summary criminal contempt procedure in Rule 42(a) dispenses with the hearing and notice requirements mandated by the general contempt scheme set forth in Fed.R.Crim.P. 42(b).[1] Rule 42(a) combines the "otherwise inconsistent functions of prosecutor, jury and judge ... in one individual." *Flynt*, 756 F.2d at 1363. This procedure "represents a significant departure from the accepted standards of due process," *id.*, and is to be used only "where instant action is necessary to protect the judicial institution itself." *Harris v. United States*, 382 U.S. 162, 167, 86 S.Ct. 352, 355–56, 15 L.Ed.2d 240 (1965).

■ The certification requirement in Rule 42(a) is essential to safeguard the proper use of summary criminal contempt procedure. The requirement is not simply a legal formality. Rather, the certificate provides the basis for informed appellate review. *Marshall*, 451 F.2d at 375. We see no reason to depart from existing

1. Rule 42(b) states:

(b) **Disposition upon Notice and Hearing.** A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attor-

ney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. The defendant is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

Ninth Circuit law requiring "that the procedural safeguards that [Rule 42(a)] provides must be strictly adhered to lest the drastic power authorized escape the permissible limits of reason and fairness." *Id.* at 374 (quoting *Pietsch v. President of United States,* 434 F.2d 861, 864 (2d Cir.1970)).

### III.

 Greenberg also argues that the acts referred to in the July 8 contempt order do not constitute an "open, serious threat to orderly procedure" justifying "instant and summary punishment." *Harris,* 382 U.S. at 165, 86 S.Ct. at 354–55. As noted above, the July 8 order describes the improper conduct as Greenberg stating an objection "at the top of his voice," slamming "his hand on the counsel table in an angry manner," twice asking for a ruling on his objection, and refusing to sit down until asked to do so twice. Although we recognize the importance of maintaining courtroom decorum, we find that the acts attributed to Greenberg do not standing alone constitute sufficient basis for a summary criminal contempt conviction.

 "Rule 42(a) was reserved for 'exceptional circumstances,' such as acts threatening the judge or disrupting a hearing or obstructing court proceedings." *Harris,* 382 U.S. at 165, 86 S.Ct. at 354–55. Using summary criminal contempt proceedings to punish attorneys for over-zealous advocacy is contrary to the important principle of maintaining an independent and assertive bar. *See, e.g., Matter of Yagman,* 796 F.2d 1165, 1182 ("Hard-fought, energetic and honest representation is at the bedrock of our judicial process"), *modified,* 803 F.2d 1085, *enforced sub nom. Brown v. Baden,* 815 F.2d 575 (9th Cir.1986), *cert. denied,* ____ U.S. ____, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987). It is essential to our adversarial system of justice "that lawyers be able to make honest good-faith efforts to present their client's cases." *In re McConnell,* 370 U.S. 230, 236, 82 S.Ct. 1288, 1292, 8 L.Ed.2d 434 (1962). Thus summary criminal contempt procedure should be used only in exceptional circumstances where there is an immediate threat to the judicial process. Otherwise the procedure may deter vigorous representation

by conscientious attorneys. Accordingly, a district court should not summarily convict an attorney of criminal contempt unless that attorney "create[s] an obstruction which blocks the judge in the performance of his judicial duty." *In re McConnell,* 370 U.S. at 236, 82 S.Ct. at 292.

In this case, the acts of counsel did not cause an obstruction of the judicial process serious enough to justify a summary criminal contempt conviction. We agree with the Seventh Circuit that "where the line between vigorous advocacy and actual obstruction defie[s] strict delineation, doubts should be resolved in favor of vigorous advocacy." *United States ex rel. Robson v. Oliver,* 470 F.2d 10, 13 (7th Cir.1972) (citation omitted). That Greenberg twice asked for a ruling on his objection is not a threat to orderly judicial procedure. Greenberg's client had a right to a ruling on the objection. *See Sacher v. United States,* 343 U.S. 1, 9, 72 S.Ct. 451, 455, 96 L.Ed. 717 (1952) ("it is the right of counsel for every litigant to press his claim, even if it appears farfetched and untenable, to obtain the court's considered ruling"). Although the court arguably overruled the objection by asking Greenberg to sit down, Greenberg was entitled to a formal ruling for the record. Moreover, Greenberg's other acts were insufficient to support a summary criminal contempt conviction. That Greenberg continued to stand is not inconsistent with the custom of attorneys in the federal courts to stand when making an objection or addressing the court. Similarly, Greenberg's loud voice and hand slamming during the heat of a long and hard fought trial, although annoying and not condoned by this court, do not constitute the type of "exceptional circumstances" that pose an immediate threat to the judicial process, thereby justifying a summary criminal contempt conviction. *Harris,* 382 U.S. at 165, 86 S.Ct. at 354–55.

Accordingly, the judgment of the district court holding Greenberg in criminal contempt is reversed.

**REVERSED.**