974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Arthur GYSELS, Jr., Defendant-Appellant.
 No. 91-30394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Sept. 2, 1992.
 
 Appeal from the United States District Court for the District of Montana, No. CR-91-00014-JDS; Jack D. Shanstrom, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On appeal, Gysels argues that double jeopardy barred his trial and conviction for criminal contempt because the court had already found him guilty of such contempt. We affirm.
 
 
 3
 * Gysels assisted Wells in two methamphetamine manufacturing sessions. He later testified before a grand jury about his participation, with Wells and others, in methamphetamine manufacturing. The jury subsequently indicted those persons.
 
 
 4
 At their trial, Gysels appeared pursuant to a subpoena but refused to testify. Judge Lovell held him in civil contempt and confined him. Three days later he was returned to court and again refused to testify, even though Judge Lovell told him that he was being charged with criminal contempt and would be tried on that charge if he continued to refuse to testify.
 
 
 5
 When the prosecutor brought a criminal contempt charge, Gysels moved to dismiss for double jeopardy. Judge Lovell assigned the matter to Judge Shanstrom for "all other proceedings." Judge Shanstrom denied the motion, and Gysels appealed. Judge Shanstrom rejected his argument that the district court lacked jurisdiction. A jury subsequently convicted Gysels of criminal contempt. He is now serving a 14 month sentence.
 
 II
 
 6
 Gysels argues that the court erred when it applied the Dunbar rule, and that it did not have jurisdiction.
 
 
 7
 The denial of a pretrial double jeopardy motion is an immediately appealable order under 28 U.S.C. § 1291. Abney v. United States, 431 U.S. 651, 657 (1977). Filing a notice of appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction if the court certifies that the motion is frivolous. United States v. Dunbar, 611 F.2d 985, 988-89 (5th Cir.) (en banc), cert. denied, 447 U.S. 926 (1980). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir.1986) (quoting DeWitt v. Western Pacific Railroad Co., 719 F.2d 1448, 1451 (9th Cir.1983) (citations omitted)).
 
 
 8
 Judge Shanstrom found that Gysels' double jeopardy motion was frivolous because Judge Lovell did not certify that he "saw or heard" the conduct constituting contempt. Fed.R.Crim.P. 42(a); Matter of Contempt of Greenberg, 849 F.2d 1251, 1254 (9th Cir.1988). Because the motion was frivolous, the court did not lack jurisdiction over his trial.
 
 III
 
 9
 Gysels also argues that double jeopardy bars his criminal contempt trial because he was found summarily guilty of criminal contempt when he refused to testify at Wells' trial.
 
 
 10
 A summary contempt conviction must be supported by a certificate that clearly identifies the specific facts constituting contempt and states that the judge "saw or heard" the contumacious conduct. Id. Because Judge Lovell never stated that he had "seen or heard" the conduct that gave rise to the criminal contempt, he did not satisfy Rule 42(a)'s requirements.
 
 IV
 
 11
 Gysels argues that statements he made in court, used to convict him of criminal contempt, were obtained in violation of his Sixth Amendment right to counsel and the requirements of Miranda v. Arizona, 384 U.S. 436 (1966).
 
 
 12
 Gysels contends that he should have been provided counsel before Judge Lovell found him in criminal contempt. Because we conclude that Judge Lovell did not find him in criminal contempt, this argument is without merit.[1]
 
 
 13
 He also contends that before he testified before the grand jury, the court was required to inform him of his right against compelled self-incrimination. This argument is also meritless. Miranda does not apply to cross-examination of an immunized witness who refuses to testify. United States v. Kilgroe, 959 F.2d 802, 804-05 (9th Cir.1992).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Gysels was represented by counsel in his trial before Judge Shanstrom