UNITED STATES of America, Plaintiff–Appellee,

v.

Richard George MATHEWS, a/k/a Ricky George Williams, Sharon Elaine Carter, Defendants–Appellants.

No. 91–3600.

United States Court of Appeals, Eleventh Circuit.

Aug. 10, 1993.

Gonzalo R. Andux, Jacksonville, FL, for Mathews.

Daniel A. Smith, Jacksonville, FL, for Carter.

Mark B. Deverreaux, Asst. U.S. Atty., U.S. Attorney's Office, Jacksonville, FL, Karla R. Spaulding, Asst. U.S. Atty., Tampa, FL, for U.S.

Before COX, Circuit Judge, MORGAN and HENDERSON, Senior Circuit Judges.

PER CURIAM:·

Richard George Mathews and Sharon Elaine Carter challenge their convictions for conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846, and possessing crack cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). Mathews also challenges his convictions on charges of possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and a separate contempt citation.

## FACTS AND PROCEDURAL HISTORY [1]

After a joint trial of the defendants, a jury found Mathews guilty on all counts, but could not reach a verdict regarding Carter. The district court declared a mistrial as to Carter. Two days later, before the district court sentenced Mathews, a second trial of Carter began.[2]

In the second trial of Carter, outside the presence of the jury, Carter's attorney called Mathews to the witness stand. Mathews's attorney was present. After stating his name, Mathews refused to state whether he was the defendant who had been convicted in this case. He explained that he did not wish to testify and was exercising his Fifth Amendment right. At this point, the Government, arguing that the answer would not incriminate him, asked the court to order Mathews to answer the question and to find him in contempt for refusing to answer.

Mathews's lawyer then explained that, although Mathews had been convicted of the crimes that were the subject of the trial, Mathews believed he had a Fifth Amendment right not to testify. Mathews's attorney expressed concern that Mathews would subject himself to perjury charges by testifying. The district court, however, ordered Mathews to answer the question. When Mathews refused to answer, the judge, finding nothing in the question that could incriminate Mathews, found Mathews's refusal to testify to constitute contempt.

Carter's attorney asked Mathews if he would testify in the case if called as a witness for the defense. Mathews said he would not testify. The court found this conduct to constitute contempt. Carter's counsel proceeded to ask Mathews whether he would testify

---

1. We describe the facts and procedural history that are relevant to Mathews's challenge of his contempt citation, the issue we discuss.

2. The jury subsequently found Carter guilty on both counts charged in the indictment.

if required to do so by court order. Again, Mathews said he would not.

Counsel for the Government then asked the court to explain to Mathews the sanctions he could suffer for his refusal to testify. In response, the court asked Mathews's attorney to advise his client of the penalty. The transcript does not reveal the nature of this advice, but a notation indicates that Mathews and his attorney conferred. Following that conference, Mathews affirmed to the court that he had received advice and that he had no further questions. The court then said to Mathews, "Having received that advice are you prepared to testify at this trial and answer the questions put to you by the attorneys?" (1 Supp.R. 2 at 60.). Mathews responded, "No sir." (Id.). The court then found Mathews in contempt "for refusing to testify in this trial and answer questions." (Id.). The judge closed the proceedings, saying that he would order Mathews to appear and receive appropriate sanctions "at a more appropriate time because [the court does] not wish to interrupt the present trial to consider any sanctions against the accused at this time for his willful and knowing failure to comply with the order of the Court compelling him to testify." (Id.).

In a later hearing, the court sentenced Mathews for both the contempt and the other offenses for which he was convicted. For the contempt, Mathews received a six month prison term to run consecutively to prison sentences for the other crimes.[3]

### ISSUES ON APPEAL

Both defendants assert error in the district court's denials of their motions for acquittal and their motions to suppress evidence. Mathews also contends that the court's instructions to the jury enlarged the scope of the indictment, in violation of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution. Finding Carter's appeal to be without merit, we con-

firm her convictions and sentences pursuant to Eleventh Circuit Rule 36–1. We also affirm Mathews's convictions and sentences, with the exception of the conviction and sentence for contempt, pursuant to Eleventh Circuit Rule 36–1.

Mathews challenges his conviction for contempt, asserting several grounds. The district court's failure to issue a certification as required by Federal Rule of Criminal Procedure 42(a) prevents us from reviewing the merits of Mathews's challenges to his contempt conviction.

### CONTENTIONS OF THE PARTIES

Mathews asserts error in the court's finding of contempt for his refusal to testify in Carter's second trial. Mathews argues that because he planned to appeal his convictions and because his answers might subject him to perjury charges, he had a Fifth Amendment right not to testify in Carter's second trial. He contends that his refusal to answer when Carter's attorney asked him, "Are you the defendant who has previously been charged and convicted in this case?," was merely incident to his invocation of a Fifth Amendment right not to testify concerning matters related to his involvement in the crime.

The Government argues that Mathews's refusal to answer the question posed by Carter's attorney justified the court's finding of contempt because the court specifically ordered Mathews to answer and found that his answer would not incriminate him. The Government acknowledges, however, that if the court based its contempt citation on Mathews's more general refusal to testify if called as a witness for Carter's defense, contempt may have been unjustified because (1) Mathews may have retained a Fifth Amendment right not to testify concerning matters related to the crime because he had not yet been sentenced[4] and (2) "arguably

---

3. The sentencing hearing was not transcribed; therefore, the record on appeal does not include a sentencing transcript.

4. A defendant who has been convicted does not necessarily lose the Fifth Amendment right against self-incrimination as it concerns facts

and circumstances surrounding the crime. See United States v. Metz, 608 F.2d 147, 156 (5th Cir.1979) (defendant who had been convicted and sentenced in federal court retained right not to incriminate himself where testimony could lead to prosecution in state court), cert. denied,

the record does not demonstrate a clear order to testify at Carter's trial and a violation of that order." Appellee's Brief at 42.

Both Mathews and the Government recognize that the court did not comply with Federal Rule of Criminal Procedure 42(a) because the court failed to enter a written order certifying that the court witnessed the conduct constituting the contempt and reciting the relevant facts.

## DISCUSSION

■ We begin by determining whether the contempt was civil or criminal. The Supreme Court has explained that when the sentence is for a definite period, which is not subject to modification by performance of the act required by the court's order, the sentence is punitive and the contempt is criminal. *Hicks on Behalf of Feiock v. Feiock,* 485 U.S. 624, 631–32, 108 S.Ct. 1423, 1429, 99 L.Ed.2d 721 (1988). From the sentence imposed and the proceedings during Carter's second trial, we deduce, and the parties agree, that the court intended to apply the summary contempt procedures provided by Federal Rule of Criminal Procedure 42(a).

Rule 42(a) allows a court "to vindicate the dignity of the court" immediately and "to act quickly to stop conduct which amounts to intentional obstruction of court proceedings." *In re McDonald,* 819 F.2d 1020, 1024 (11th Cir.1987) (citations omitted). We have recognized that "[t]here is no doubt that a witness's refusal to answer questions which the court orders him to answer is contumacious

conduct and that during a trial such a refusal may subject the witness to summary punishment for criminal contempt under Fed. R.Crim.P. 42(a)." *United States v. Brannon,* 546 F.2d 1242, 1247 (5th Cir.1977) (citing *United States v. Wilson,* 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975); *Yates v. United States,* 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957)).[5]

■ A judge must issue a criminal contempt sanction in accordance with the procedures set out in Rule 42. *Martin v. Guillot,* 875 F.2d 839, 845 (11th Cir.1989); *United States v. Camil,* 497 F.2d 225, 228 (5th Cir. 1974). Rule 42(a) provides as follows:

> (a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that the judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

The Fifth Circuit emphasized the importance of strict adherence to Rule 42(a) by explaining that the

> rule providing for punishment of contempts summarily must be given a narrow construction providing, as it does, for punishment without affording the accused the normal safeguards surrounding criminal prosecutions; .... It is, therefore, essential that courts proceeding summarily must be meticulously careful to observe procedural safeguards.

449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980); *accord United States v. Barham,* 625 F.2d 1221, 1225 (5th Cir.1980) (one who has been convicted of possessing, distributing and conspiring to make, possess and distribute counterfeit money but who has not been charged with receiving counterfeit money cannot be compelled to testify regarding the source of the counterfeit in another defendant's trial), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 205 (1981). Other circuits addressing this question have recognized that a convicted, but not yet sentenced, defendant risks not only additional prosecutions for related conduct, but also he may subject himself to an enhanced sentence based on testimony related to the crime of conviction and therefore retains the right not to testify regarding such incriminating matters. *E.g., United States v. Ba-*

*hadar,* 954 F.2d 821, 824 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 149, 121 L.Ed.2d 101 (1992); *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1075–76 (6th Cir.1990); *United States v. Lugg,* 892 F.2d 101, 102–03 (D.C.Cir. 1989); *United States v. Paris,* 827 F.2d 395, 399 (9th Cir.1987); *United States v. Tindle,* 808 F.2d 319, 325 (4th Cir.1986) (citing with approval *United States v. Trejo–Zambrano,* 582 F.2d 460, 464 (9th Cir.), *cert. denied,* 439 U.S. 1005, 99 S.Ct. 618, 58 L.Ed.2d 682 (1978)); *United States v. Khan,* 728 F.2d 676, 680 (5th Cir.1984).

5. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Camil,* 497 F.2d at 229 (citations and quotation marks omitted).

 No certification of contempt appears in the record. Without the required Rule 42(a) certification, we cannot review the contempt conviction on its merits. *See Camil,* 497 F.2d at 229; *Widger v. United States,* 244 F.2d 103, 106–07 (5th Cir.1957).

The transcript of the proceedings indicates that the district court's finding of and sentence for contempt may have been based upon Mathews's refusal to answer the question posed by Carter's attorney. On the other hand, they may have been based upon his more general refusal to testify if called as a witness. They may have been based upon both. Without the required Rule 42(a) certificate we cannot discern the court's intent, and we decline to speculate.[6]

### CONCLUSION

We VACATE Mathews's conviction and sentence for contempt and REMAND to the district court for the limited purpose of affording the district judge the opportunity to issue the necessary certificate. Jurisdiction is otherwise retained in this court pending either receipt of the certificate or advice from the district judge, within the forty-five days from the date hereof, that the certificate will not be forthcoming.

We AFFIRM the other convictions and sentences of Carter and Mathews.

AFFIRMED in part; VACATED and RE-MANDED in part.

---

6. For the appropriate course of action for this court to take in the absence of a Rule 42(a) certificate, see *Camil,* 497 F.2d at 229, and *United States v. Vano,* 496 F.2d 1195 (5th Cir.1974).