UNITED STATES of America, Plaintiff–Appellee,

v.

Richard George MATHEWS, a/k/a Ricky George Williams, Sharon Elaine Carter, Defendants–Appellants.

No. 91–3600.

United States Court of Appeals, Eleventh Circuit.

April 6, 1995.

Gonzalo R. Andux, Jacksonville, FL, for Mathews.

Daniel A. Smith, Jacksonville, FL, for Carter.

Mark B. Deverreaux, Asst. U.S. Atty., Jacksonville, FL, Karla R. Spaulding, Asst. U.S. Atty., Tampa, FL, for appellee.

Before COX, Circuit Judge, MORGAN and HENDERSON, Senior Circuit Judges.

## PER CURIAM:

Richard George Mathews challenges the certification of contempt filed by the district judge in support of a summary criminal contempt conviction. Mathews contends that the certificate does not comply with the requirements of Federal Rule of Criminal Procedure 42(a). We hold that the certification does not satisfy the requirements of Rule 42(a) because the certification of contempt was not filed by the judge who witnessed the alleged contempt. Therefore, we reverse the contempt conviction.

## I.

Initially, Mathews and a co-defendant, Sharon Elaine Carter, were tried together for drug offenses before visiting district court Judge James M. Fitzgerald, Senior United States District Judge for the District of Alaska. At this first trial, a jury found Mathews guilty of conspiring to distribute crack cocaine, possessing crack cocaine with the intent to distribute, and possessing a firearm as a convicted felon. The jury, however, could not reach a verdict regarding Carter, and the district court declared a mistrial as to her. Carter was then retried before Judge Fitzgerald.

While awaiting sentencing, Mathews was called upon to testify at Carter's second trial. After stating his name, Mathews refused to answer whether he was the defendant who had been convicted in this case, explaining that he did not want to testify and was exercising his Fifth Amendment right. Mathews's lawyer further explained that Mathews believed he had a Fifth Amendment right not to testify although he had already been convicted of the crimes that were the subject of the trial. Although the district court ordered Mathews to answer the question, Mathews continued to refuse. Finding nothing in the question which would incriminate Mathews, Judge Fitzgerald found Mathews to be in contempt. Carter's lawyer then asked Mathews if he would testify as a defense witness. Mathews refused. Judge Fitzgerald found this conduct to also constitute contempt. After allowing Mathews an opportunity to consult with his lawyer, Judge Fitzgerald again asked Mathews to answer the attorneys' questions. Mathews declined to do so. The court then found Mathews in contempt "for refusing to testify in this trial and answer questions." (1 Supp.R. 2 at 60.)

After Carter's second trial, the district court sentenced Mathews for both the contempt and the other offenses for which he was convicted.[1] For the contempt, Mathews received a six month prison term to run consecutively to the prison sentences for the other crimes.

Among other things, Mathews challenged his conviction on the contempt citation. *U.S. v. Mathews,* 997 F.2d 848 (11th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 647, 126 L.Ed.2d 605 (1993). On appeal, we held that we were unable to review the merits of Mathews's challenge to the contempt conviction because the district court had failed to issue a certification as required by Federal Rule of Criminal Procedure 42(a).[2] *Id.* at 850. Without a certification, we were unable to determine upon which refusal Judge Fitzgerald based the contempt conviction. We vacated Mathews's conviction and sentence for contempt and remanded for the limited purpose of affording the district judge the opportunity to issue the necessary certificate. *Id.* at 852.

On remand, John H. Moore, II, Chief United States District Judge for the Middle District of Florida, filed a certification of contempt pursuant to Fed.R.Crim.P. 42(a). Chief Judge Moore certified that Mathews's refusal to testify was heard and seen by the court and committed in the actual presence

---

1. John H. Moore, II, Chief United States District Judge for the Middle District of Florida sentenced, both defendants Mathews and Carter.

2. Finding the remainder of Mathews's appeal to be without merit, we affirmed Mathews's other convictions and sentences pursuant to Eleventh Circuit Rule 36-1. *Id.* at 850.

of the court. In a footnote to the certificate, Chief Judge Moore explained that he had reviewed the transcript of the contempt proceedings and that the transcript clearly indicated that the contemptuous conduct took place before Judge Fitzgerald. Chief Judge Moore also indicated that he was entering the certification "to avoid the delay and inconvenience that would result in locating Judge Fitzgerald and procuring the certification from him." *U.S. v. Mathews*, No. 91–14–Cr–J–12 (M.D.Fla. Sept. 17, 1993) (certification of contempt).

Mathews now challenges the validity of the certification of contempt. He contends that the certification does not comply with the requirements of Fed.R.Crim.P. 42(a) because Chief Judge Moore did not personally see or hear the contempt. We agree.

## II.

Rule 42(a) allows a court to summarily punish conduct "which amounts to intentional obstruction of court proceedings." *In re McDonald*, 819 F.2d 1020, 1024 (11th Cir.1987). However, "[i]t is essential ... that courts proceeding summarily must be meticulously careful to observe ... procedural ... safeguards." *Widger v. U.S.*, 244 F.2d 103, 107 (5th Cir.1957) (citations and quotation marks omitted). Rule 42(a) provides:

> (a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that the judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

Fed.R.Crim.P. 42(a). The judge himself must witness the contempt and then certify that it was committed in his actual presence. *See Widger*, 244 F.2d at 107; *see also U.S. v. Marshall*, 451 F.2d 372, 374 (9th Cir.1971) ("In Rule 42(a) cases, the judge is his own best witness of what occurred."). The certification at issue states that the "conduct constituting contempt was heard and seen by the Court and committed in its actual presence[.]" *U.S. v. Mathews*, No. 91–14–Cr–J–12 (M.D.Fla. Sept. 17, 1993) (certification of contempt). However, it is not a generic "Court" that must witness and then certify the contempt. The judge who witnesses the conduct must certify the contempt. *See Widger*, 244 F.2d at 107. Chief Judge Moore was unable to certify that the contempt was committed in his actual presence because he did not witness the conduct. Thus, his certification does not satisfy the Rule 42(a) requirements.

In a footnote, Chief Judge Moore suggests that Rule 42(a) is satisfied and the certification valid because the transcript clearly indicates that the contempt took place in Judge Fitzgerald's presence. The footnote also notes that Judge Fitzgerald clearly stated for the record his basis for finding Mathews in contempt. However, the transcript itself is insufficient to satisfy Rule 42(a). Information contained in the transcript cannot substitute for the personal knowledge of the certifying district judge. *See Matter of Contempt of Greenberg*, 849 F.2d 1251, 1254 (9th Cir. 1988). Similarly, a transcribed recitation of the basis for the contempt finding cannot replace a certification by Judge Fitzgerald that he actually witnessed the conduct. Allowing the transcript to satisfy the certification requirement would in effect eliminate the requirement completely and dilute the procedural safeguards afforded those summarily convicted of criminal contempt.

This case exemplifies why it is important that the certification be filed by the judge before whom the alleged contempt occurred. Here, it is unclear whether Judge Fitzgerald based the contempt conviction and sentence on Mathews's refusal to answer the specific question about his status as a co-defendant or upon Mathews's more general refusal to testify if called as a defense witness for Carter. There are decisions in other circuits holding that a defendant who has been convicted, but not yet sentenced, may retain his Fifth Amendment right not to testify concerning matters related to the crime.[3] Therefore, if Judge Fitzgerald based Math-

---

**3.** *See e.g., United States v. Bahadar*, 954 F.2d 821, 824 (2nd Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 149, 121 L.Ed.2d 101 (1992); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1075–76 (6th Cir.1990); *United States v. Lugg*, 892 F.2d 101, 102–03 (D.C.Cir.1989); *United States v. Par-*

ews's contempt conviction and sentence on his general refusal to testify concerning the crimes at issue, then this contempt conviction and sentence may be improper. However, without a certification issued by the judge who observed the conduct, we cannot determine the basis of the conviction and sentence. Chief Judge Moore's certification, based solely on a review of the transcript, fails to fill this void. Therefore, we hold that Chief Judge Moore's certification failed to satisfy the requirements of Rule 42(a).

### III.

The certification of contempt issued by Chief Judge Moore does not satisfy the requirements of Federal Rule of Criminal Procedure 42(a). Therefore, we REVERSE the contempt conviction.

REVERSED.

is, 827 F.2d 395, 399 (9th Cir.1987); *United States v. Metz*, 608 F.2d 147, 156 (5th Cir.1979), *cert. denied*, 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980); *United States v. Barham*, 625 F.2d 1221, 1225 (5th Cir.1980), *cert. denied*, 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 205 (1981).