*907 BRISCOE, Circuit Judge,
dissenting:
I respectfully dissent. Although I agree with the majority that the contemptuous conduct the district court witnessed is punishable under Rule 42(a), I am unable to determine whether Parkhurst’s untruthfulness, which was provable only through witness testimony and thus not punishable under Rule 42(a), see In re Oliver, 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948), also provided a basis for the contempt order. I would remand to the district court with directions to vacate and reconsider the contempt order.
Rule 42(a) permits summary punishment for criminal contempt without notice or a hearing when a trial judge certifies in a written order that he or she “saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court.” The majority admits that the district court did not comply with this express requirement and explain in writing the factual basis for its contempt finding, see Majority Op. at 905, but both the majority and concurring opinions conclude that this deficiency is remedied by facts recited in the contempt order as well as by certain comments made by the court during the contempt hearing, see Majority Op. at 906; Concurring Op. at 905-06. For the reasons that follow, I cannot agree.
First, the district court’s contempt order does not offer much clarification as to why it found Parkhurst in direct criminal contempt. Although it recounts that Parkhurst made the derogatory “to hell with you” comment and refused the court’s direction to stand, the order does not, contrary to the suggestion of the majority and concurring opinions, state that these particular events provided the actual basis for the finding of contempt. Nor does the order state that the trial judge “saw or heard” these events as expressly required by Rule 42(a). Instead, the order states only that “the basis for the contempt citation” was given “on the record” at the contempt hearing. ROA Vol. 1, Doc 136 at 2.
Second, reliance on “the transcript itself is insufficient to satisfy Rule 42(a).” United States v. Mathews, 49 F.3d 676, 678 (11th Cir.1995). While the transcript reflects that the district court found Parkhurst in contempt for his “conduct in court th[at] morning,” ROA Vol. 2 at 34, it does not clearly reflect whether the conduct the court found contemptuous included Parkhurst’s lack of veracity, which was provable only by witness testimony and thus could not be punished summarily. After all, the court conducted a hearing on the issue of Parkhurst’s veracity after warning him: “If I find out you’re lying to me, I’ll hold you in criminal contempt of court.” Id. at 5-6. Then, during the hearing, the court informed Parkhurst of the penalties for criminal contempt and said he could avoid “that kind of sanction in the next few minutes as this hearing proceeds” by “exercising good judgment,” id. at 31-32, suggesting that the court did not intend to base its contempt decision solely on Parkhurst’s behavior in court that morning. Finally, at the end of the hearing, the court announced that Parkhurst’s testimony was “unbelievable” shortly after finding him in criminal contempt. Id. at 37. Thus, far from making it “immediately” apparent that the district court’s criminal contempt finding was based solely on Parkhurst’s “verbal abuse of the court and his manifest disdain for the court’s authority earlier in the day,” Majority Op. at 905, the transcript can reasonably be read to reflect that the district court based its criminal contempt finding at least in part on Parkhurst’s lack of veracity.
But more importantly, even if the transcript clearly reflected that the contempt order was not based on Parkhurst’s un *908 truthfulness, “a transcribed recitation of the basis for the contempt finding cannot replace a certification by [the trial court] that [it] actually witnessed the conduct.” Mathews, 49 F.3d at 678. Otherwise, “[a]llowing the transcript to satisfy the certification requirement [of Rule 42(a)] would in effect eliminate the requirement completely and dilute the procedural safeguards afforded those summarily convicted of criminal contempt.” Id,.; see also Widger v. United States, 244 F.2d 103, 107 (5th Cir.1957) (cautioning that “courts proceeding summarily must be meticulously careful to observe procedural safeguards”) (internal ellipses and quotations omitted). By looking beyond the contempt order in this case and relying on the district court’s comments during the contempt hearing, the majority and concurring opinions ignore this basic procedural safeguard.
Therefore, because the district court did not clearly set forth in writing the factual basis for its contempt order as required by Rule 42(a), I would conclude that it abused its discretion in entering that order. While there is little doubt we could affirm the contempt order were it premised only upon Parkhurst’s verbal abuse and failure to follow the court’s instructions, I would decline to do so absent a clear indication that these acts provided the sole basis for the court’s decision. See Crowe v. Smith, 151 F.3d 217, 240 (5th Cir.1998) (“For this court to affirm ... sanctions on grounds other than those expressly chosen by the imposing court would constitute an encroachment upon that court’s discretion unwarranted by the concerns for order and necessity inherent in their use.”). Further, even if the contempt order was actually based on Rule 42(b), I would accept the DOE’s implicit concession that the hearing did not comport with due process requirements and assume without deciding that the district court committed plain error[1] because it acted as judge, jury and prosecutor during the hearing and failed to give Parkhurst notice or an opportunity to prepare a defense or call witnesses on his behalf. I would remand to the district court with directions to vacate and reconsider the contempt order.
Finally, I disagree with the majority’s conclusion that we need not decide whether the district court erred in finding Parkhurst mentally competent^without a hearing simply because the district court did not make an express “finding of competence related to the criminal contempt.” Majority Op. at 906. In United States v. Crews, 781 F.2d 826, 833 (10th Cir.1986), we held that when a district court orders a criminal defendant to stand trial without making an express finding of competency, such an order constitutes an implicit finding that the defendant was competent and that such an order is reviewable on appeal. Based on Crews, I would conclude that the district court’s entry of the contempt order constitutes an implicit finding that Parkhurst was mentally competent to commit the crime of contempt, and that the district court’s finding is reviewable by this court on appeal. However, because I would remand to the district court with directions to vacate and reconsider the contempt order, I would leave that issue for the district court to address in the first instance on remand.

. As Parkhurst candidly admits, the plain error standard applies to his Rule 42(b) argument because it was not raised in the district court. See United States v. McGuire, 200 F.3d 668, 671 n. 2 (10th Cir.1999).