**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William A. COHAN, Esq., Appellant,**

**Robert David Kahre, Defendant.**

No. 07–10376.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed July 8, 2008.

Gregory V. Davis, Alan Hechtkopf, DOJ–U.S. Department of Justice, Washington, DC, Robert L. Ellman, Eric Johnson, Esq., Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

William A. Cohan, Rancho Santa Fe, CA, pro se.

Lynn E. Panagakos, Law Offices of Lynn E. Panagakos, Rancho Santa Fe, CA, for Appellant.

William A. Cohan, Ross C. Goodman, for Defendant.

Before: SCHROEDER and LEAVY, Circuit Judges, and FAIRBANK,* District Judge.

## MEMORANDUM **

William A. Cohan, Esq. ("Appellant") appeals from the judgment of contempt issued while he was representing his client in a lengthy multi-defendant criminal trial. The conduct giving rise to the contempt order occurred during Appellant's cross-examination of a government witness. The grounds for the order included the following: (1) misleading the court and the jury; and (2) willful violation of a court ruling. The district court informed Appellant that he was being cited for contempt approximately one hour before holding a summary contempt proceeding. At the conclusion of the proceeding, the order of contempt was issued orally. The court did not sign and file an order reciting the specific facts on which it relied in holding Appellant in contempt.

When a district court utilizes the summary contempt procedures described in Federal Rule of Criminal Procedure ("Rule") 42(b), the judge must certify he "saw or heard the contemptuous conduct" and the contempt order must recite the facts, be signed by the judge, and be filed with the clerk. These procedural safeguards must be strictly followed. *United States v. Marshall*, 451 F.2d 372, 374 (9th Cir.1971). The district court did not comply with the procedural safeguards contained in Rule 42(b) and therefore, the contempt order must be reversed. *See Matter of Contempt of Greenberg*, 849 F.2d 1251, 1253–55 (9th Cir.1988); *United States v. Cohen*, 510 F.3d 1114, 1119 (9th Cir.2007).

Further, when considered in the context of the entire record on appeal, there is insufficient evidence to support a criminal contempt conviction on either ground on which the district court relied. Accordingly, further proceedings would be inappropriate.

**REVERSED and VACATED.**

* The Honorable Valerie Baker Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

