FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SELVIN ORLANDO CARRANZA, | No. 23-55180 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-00773-JO-AGS |
| v. | |
| JANINE K. JEFFERY, | MEMORANDUM* |
| Appellant, | |
| v. | |
| WILLIAM SUGLICH, Chairperson Chief Deputy Warden (A) for Richard J. Donovan (RJD); et al., | |
| Defendants-Appellees, | |
| and | |
| EDMUND G. BROWN, Jr., Governor of the State of California; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 16, 2024
Pasadena, California

Before:  TALLMAN, IKUTA, and OWENS, Circuit Judges.

Real-party-in-interest Appellant Janine K. Jeffery appeals pro se the summary criminal contempt judgment entered against her by the Honorable Jinsook Ohta arising from her role as counsel for one of the named defendants in a 10-day jury trial of a prisoner § 1983 civil rights action against prison officers in early 2023.

In the underlying action, inmate Selvin O. Carranza asserted failure to protect claims against over twenty defendants alleging various violations of his constitutional rights, the majority of whom were represented by the California Attorney General's Office with the exception of three defendants represented by private counsel.  Correctional Sergeant LoriAnne Tillman was represented by attorney Janine K. Jeffery.  Trial was held before a jury from January 23, 2023, to February 2, 2023.

Relevant to the immediate appeal, one of the claims against Sergeant Tillman arose from a fight between Plaintiff Carranza and a fellow inmate.  Evidence was presented during trial as to Plaintiff Carranza's use of homophobic slurs, which led to not only the impeachment of Carranza, but also provided support for the defense's argument that Carranza intentionally antagonized the fellow inmate into the altercation.

At the conclusion of the eighth day of trial, during the jury instructions conference, the Court *sua sponte* instructed counsel to not refer in closing arguments to the homophobic slurs used by the plaintiff in the underlying case. Specifically, the Court instructed counsel:

> For the reasons already explained by the Court, the Court is going to instruct that counsel not refer to those terms in closing argument. The Court is not proposing to strike any evidence or give any curative instructions. Those were not requested. You are certainly free to explain your narrative as to how Mr. Carranza was homophobic. How it led to the fight. You can even say that he goaded Mr. -- Inmate Davis into a fight because he was gay because he didn't like gay people to the extent that's supported by the evidence. However, the Court finds no additional probative value from repeating the slurs . . . At this point, it would just be gratuitous mention for prejudicial purposes only. It does not go toward -- does not tend to make any fact more likely than another. So that concludes the discussion on this issue.

The next day, February 2, 2023, during closing argument, Jeffery showed on the courtroom projector one of the admitted documents that contained the homophobic slurs, pointed the prohibited words out to the jury, but stated that she "won't repeat it." The Court asked Jeffery to take the document off the screen and sent the jury to take their lunch break.

After the recess, the Court informed Jeffery that it was citing her for contempt and gave Jeffery an opportunity to respond to the contempt charge. Jeffery responded, "Your Honor, I did not understand the Court's order to say that I was not allowed to use documents in evidence. What I understood the Court to have said was that I wasn't allowed to refer to that phrase. The documents that have those phrases

are critical to the defense of my client." Jeffery requested the Court inquire of fellow defense counsel as to their understanding of the order, suggesting they understood the Court's order similarly.

Judge Ohta then summarily found that Jeffery had willfully violated the order not to refer to the homophobic slurs, held Jeffery in criminal contempt, imposed a fine of $4,000, and informed Jeffery that her misconduct would be referred to the State Bar of California.

On February 7, 2023, the Court entered a written order confirming that Jeffery was guilty of criminal contempt. In the written order, the Court cited Federal Rule of Criminal Procedure 42(b), attesting that "the below recites the facts relevant to the contempt finding and certifies that the undersigned saw and heard the conduct that constitutes contempt of court." In the written order, the Court highlighted its findings in its oral decision that "although Attorney Jeffery did not say the slur outright—her acts of highlighting the slur, pointing to it, and verbally drawing the jury's attention to it were, together, a clear violation of the Court's order not to refer to the fact that Plaintiff used homophobic slurs," and further that "the Court [had] found that the 'order not to refer to that fact was clear,' and [Jeffery] had intentionally 'violated that order [the] same as if [she] had actually said the word.'"

Jeffery challenges the district court's criminal contempt finding on several grounds. Because we address only whether the district court erred in finding a

violation of its *sua sponte* order that all counsel refrain from repeating the homophobic words used by Carranza, we decline to address the remaining issues as unnecessary.

Jeffery's use of an exhibit containing the offensive term did not violate a "clear and definite order." *Chapman v. Pac. Tel. & Tel. Co.*, 613 F.2d 193, 195 (9th Cir. 1979) ("Criminal contempt is established when there is a clear and definite order, and the contemnor knows of the order, and the contemnor willfully disobeys the order." (cleaned up) (citations omitted)); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir. 1983) ("Willfulness in this context means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order."). "[W]here the line between vigorous advocacy and actual obstruction defie[s] strict delineation, doubts should be resolved in favor of vigorous advocacy." *In re Contempt of Greenberg*, 849 F.2d 1251, 1255 (9th Cir. 1988) (second alteration in original) (quoting *United States ex rel. Robson v. Oliver,* 470 F.2d 10, 13 (7th Cir. 1972)); *see also Caldwell v. United States*, 28 F.2d 684, 684 (9th Cir. 1928) (explaining that punishing conduct, "where the intent to be insubordinate is not clear, might very well have the result of deterring an attorney of less courage and experience from doing his full duty to his client").

Though the Court had ordered "that counsel not refer to those terms in closing argument," the Court also specifically ruled that it was "not proposing to strike any

evidence or give any curative instructions" and that Jeffery was "certainly free to explain [her] narrative as to how Mr. Carranza was homophobic." Jeffery did not verbally repeat the homophobic slurs and thus did not violate the Court's order to "not refer to [the offensive] terms in closing argument." To the extent that the Court's order included an instruction not to display the offensive term in an exhibit, that instruction was not clear and definite. The ambiguity in the Court's instructions, coupled with its failure to either exclude the document or redact the offensive language from the exhibit it admitted into evidence, compels our conclusion; we resolve the doubt "in favor of vigorous advocacy."

Accordingly, we vacate and remand with direction to dismiss the contempt judgment issued against Jeffery.

**VACATED AND REMANDED with instructions.**